## Case No. 7,929.

### KRAFT v. STOTT.

[1 Hayw. & H. 33.] [1]

Circuit Court, District of Columbia. April 14, 1841.

DAMAGES FOR INJURY TO BUILDING — PARTY WALLS.

1. The building regulations will not allow a party owning a lot adjoining a frame building to injure the building while digging a foundation for a brick house.

2. A party can build a wall equally on his own and neighbor's land when his neighbor's land is vacant.

3. A frame house built on an adjoining lot, previous to the erection of a brick house, will prevent a party from being benefitted by the right secured by the building regulations, that is, the right to lay the wall equally on his own and the adjoining land.

4. Section 4, Building Regulations, No. 1, Oct. 17, 1791, only applies to vacant lots.

At law.

Jos. H. Bradley, for complainant.
James Hoban, for defendant.

This is a suit to recover damages for injury to a frame building by reason of the defendant having encroached on the plaintiff's lot, in digging a foundation for a new brick house at that time about to be erected by the defendant. The defendant's counsel relied on the building regulations, which provide that in the erection of brick houses the person building may use so many inches of the adjacent lot in proportion to the thickness of the walls of the house thereon to be built, and insisted that the building of a frame house on the adjoining lot, previous to the erection of a brick house, did not affect the right secured by the building regulations. It was also attempted to be shown that the usage of the city established such a right; and several of the most experienced and skillful builders, and some of the oldest citizens, were examined upon that point.

Section 4, Building Regulations, No. 1, October 17, 1791: "That the person, or persons, appointed by the commissioners to superintend the buildings, may enter on the land of any person to set out the foundation and regulate the walls to be built between party and party as to the breadth and thickness thereof, which foundation shall be laid equally upon the lands of the persons between whom such party walls are to be built, and shall be of the breadth and thickness determined by such person proper; and the first builder shall be reimbursed one moiety of the charge of such party wall, or so much thereof as the next

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

builder shall have occasion to make use of, before such next builder shall anyway use or break the wall. The charge, or value thereof, to be set by the person or persons so appointed by the commissioners." Rothwell's Laws of City of Wa'shington, 466.

THE COURT decided that the building regulations applied only to vacant lots.

Verdict of $220 damages for the plaintiff.